# Cunningham *v.* Everett, Appellant.

*Appeals—Record—Justice of the peace—Proceedings under act of December 14, 1863—Landlord and tenant.*

The appellate court will quash an appeal from a judgment affirming the proceedings of a justice of the peace under the landlord and tenant act of December 14, 1863, where the record of the justice's proceedings sent up to the common pleas is not printed in the appellant's paper-book.   Such omission is a violation of Rule XXVI, and is not corrected by the printing of the continuance docket entries, nor by the recital of facts in the opinion of the judge of the court below upon exceptions.

Argued Jan. 14, 1904.   Appeal, No. 28, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1902, No. 213, affirming judgment of justice of the peace in case of John Cunningham v. F. M. Everett.   Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ.   Appeal quashed.

Appeal from judgment of justice of the peace.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in affirming the judgment.

*John M. Carr*, for appellant.

No printed brief nor appearance for appellee.

PER CURIAM, 1904 :

This is an appeal from a judgment of the common pleas affirming the proceedings of a justice of the peace brought into that court by certiorari.   The proceedings were under the landlord and tenant act of December 14, 1863, P. L. (1864) 1125. An appeal to this court from such a judgment brings up nothing for review but the record proper, and by that alone must it be determined whether the magistrate and the common pleas kept within the limits of their jurisdiction and proceeded with regularity according to law.   Manifestly, therefore, the record of the magistrate's proceedings sent up to the common pleas in obedience to the certiorari ought to have been printed in the appellant's paper-book.   They form an essential part of the record we are asked to review.   Our rules expressly provide that in all cases where an appeal is from a final judgment at law in the common pleas, not founded upon a verdict or on a case stated, the appellant's paper-book shall contain, inter alia, "an appendix containing the record in full," etc., Rule XXVI.  The common pleas would not reverse the judgment of a justice of the peace without having before it at least a transcript of the justice's record ; neither will we.   It was not a compliance with the rule to simply print the continuance docket entries.   These in the present case do not disclose even the nature of the proceeding before the justice.   Nor can the recital of facts contained in the opinion of the judge upon the exceptions take the place of the justice's record.

Appeal quashed.