# Dean, Appellant, *v.* Delaware, Lackawanna & Western Railroad Company.

*Appeals—Assignments of error—Failure to print essential part of record—Motion to quash—Nonsuit.*

1. An assignment of error to the action of the court below in overruling plaintiff's motion to strike off an appeal from a judgment of a justice of the peace, will not be considered where the appellant has failed to print in his paper-book an exact copy of the petition which the docket entries show was the foundation of the rule to strike off the appeal. This is a substantial defect which is not rendered harmless by the recital in the opinion of the court of its version of the reasons alleged in support of the rule, or the recital in the assignment of error, of counsel's version of them.

2. Error is not assignable to the entry of a judgment of nonsuit under the Act of March 11, 1875, P. L. 6.

3. An assignment of error to the refusal of a motion to take off a compulsory nonsuit, will be considered, although there is irregularly included in the motion, as one of the reasons therefor, the rejection of certain offers of evidence. The rejection of the evidence, however, will not be considered, unless it is separately assigned as error.

*Common carriers—Proof of loss—Presumption—Delivery—Evidence.*

4. A prima facie case of negligence of a common carrier, or of a breach of contract of the carriage is not made out by mere proof of delivery to the carrier. Loss or injury must be shown.

Argued March 4, 1911. Appeal, No. 9, March T., 1912, by plaintiff, from order of C. P. Susquehanna Co., April Term, 1908, No. 22, refusing to take off nonsuit in case of F. W. Dean v. Delaware, Lackawanna & Western Railroad Company. Before RICE, P. J., HENDERSON, ORLADY; HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were in the following form:

First. The court erred in overruling plaintiff's motion to strike off appeal. The motion is as follows:

1. There is no appeal on the part of defendant, the Delaware, Lackawanna & Western Railroad Company, or by their agent or attorney.

2. The affidavit of appeal is defective, in that it does not set forth that J. H. Oliver, the affiant, is either agent, attorney or executive officer of the company, or that he had any authority to act for the company.

3. The affidavit of appeal is defective in that it does not set forth that the appellant or affiant verily believes that injustice has been done, as required by the act of assembly.

4. (a) The recognizance of bail for costs is defective in that it does not show that the defendant company, its agent or attorney, joined in the bail.

(b) Said bail piece is not drawn to cover all costs that shall hereafter accrue in the case.

(c) Said J. H. Oliver is not a member or executive officer of the company, and is not a real estate owner in Susquehanna county.

5. The record and transcript filed does not show that any affidavit in writing was filed by or on behalf of defendant at the time the appeal was taken before the justice of the peace. Rule to strike off appeal discharged.

Second. The court erred in allowing defendant to amend the appeal and file an affidavit of appeal nunc pro tunc.

Third. The court erred in entering judgment of nonsuit, viz.:

Mr. Oliver: We move for a compulsory nonsuit for the following reasons:

1. The plaintiff has shown no breach of contract on the part of the defendant.

2. The plaintiff has not shown any loss or damage due to any breach of contract or negligence on the part of the defendant, for which the defendant is answerable in the case.

3. The plaintiff has not shown any loss or damage.

Mr. Ainey: We add to our motion for a nonsuit:

1. That the plaintiff has failed to establish any over-charge on the part of the defendant company, or any overpayment made by plaintiff to defendant, out of which any liability would rest upon the defendant company.

2. Under all the evidence in the case the plaintiff is not entitled to recover.

The Court: I am clearly of the opinion that it is the duty of the court, under the evidence, to enter a compul-sory nonsuit, and therefore the compulsory nonsuit is granted, as prayed for by the defendant.

Fourth. The court erred in refusing to strike off com-pulsory nonsuit. The entire motion is as follows:

1. The court erred in entering compulsory nonsuit in favor of defendant.

2. The court erred in rejecting evidence offered by plaintiff, and in refusing to allow the plaintiff to testify as to his knowledge of and payment of freight charges and of loss and damage on goods shipped.

3. The court erred in not entering judgment for plain-tiff under the evidence admitted and proven.

Motion denied.

Fifth. The court erred in not sustaining plaintiff's third reason for striking off nonsuit, viz.:

3. The court erred in not entering judgment for plain-tiff under the evidence admitted and proven.


*Edson W. Safford,* for appellant.


*J. H. Oliver,* with him *W. D. B. Ainey* and *D. R. Reese,* for appellee.—The court below committed no error in entering judgment of nonsuit.

OPINION BY RICE, P. J., July 18, 1912:

· This case came into the common pleas by appeal by defendant from the judgment of a justice of the peace, and into this court by appeal by plaintiff from the refusal to set aside the compulsory nonsuit entered on the trial. The defendant moves to quash the latter appeal, and in support of its motion assigns noncompliance, in several particulars, with the rules of court relative to the preparation of paper-books and to the form and substance of assignments of error. Some of these defects have been corrected, but others have not been, and amongst the latter is the omission to print in the appendix or elsewhere in the paper-book an exact copy of the petition which the docket entries show was the foundation of the rule to show cause why the appeal to the common pleas should not be struck off. This is a substantial defect, which was not rendered harmless by the recital in the opinion of the court, of its version of the reasons alleged in support of the rule, or the recital, in the assignments of error, of counsel's version of them. See Cunningham v. Everett, 24 Pa. Superior Ct. 469. Reasonable compliance with the rules of court required that the petition itself be printed. See Rules 17 and 18. Further, while it appears in the paper-book that at some time not stated (counsel do not agree as to the time) the plaintiff excepted to the order and opinion of the court upon that rule, and requested that a bill of exceptions be sealed, it does not appear that the court allowed an exception or sealed a bill. As the order was made long prior to the passage of the Act of May 11, 1911, P. L. 279, it is at least questionable whether sec. 6 of that act rendered an exception unnecessary to subject the order to review. But be that as it may (a point not decided), the other defect to which we have alluded is sufficient ground for dismissing the first two assignments of error, which we have no hesitation in doing, as they do not go to the merits.

As to the third assignment, it is enough to say that error is not assignable to the entry of a judgment of com-

pulsory nonsuit under the Act of March 11, 1875, P. L. 6; the assignable and reviewable error, if any, is in the refusal to set it aside. See Monaghan's Penna. Appellate Pr., sec. 82.

The fourth assignment, which relates to such refusal, might seem at a hasty glance to raise two distinct questions and, therefore, to be in violation of Rule 14. But examination shows that such impression would be erroneous. It results from the inclusion in the motion, as one of the reasons therefor, the rejection of certain offers of evidence. While this was irregular, it was not irregular to include in the assignment, and print in connection therewith, the motion precisely as it was made. The substantial question before us is not whether all the reasons assigned in support of the motion were good, but whether the refusal of the motion was wrong, and this is sufficiently raised by the assignment. According to the provisions of the act of 1875, the record is before us "for revision and review, in like manner and with like effect as he (the plaintiff) might remove a judgment rendered against him upon demurrer to evidence." Manifestly, therefore, the record is to be reviewed under this assignment with reference exclusively to the evidence admitted, and not upon that evidence, in connection with the offers of evidence, that were excluded. If errors were committed in the latter particular, which the plaintiff desired to have corrected, they should have been made the subject of separate assignments and set forth in accordance with Rules 14 and 16. This has not been done, and therefore the admissibility of the offers of evidence that were excluded is a question not properly before us. Thus viewing the case, it needs but few words to show that this assignment must be overruled. According to the transcript of the justice of the peace and the evidence adduced upon the trial, the plaintiff's claim was for $40.98, with interest from January 1, 1905, for loss and damage on goods shipped over lines of the defendant company, and overcharge on freight. The plaintiff

proved the shipment of the goods and the freight rates agreed upon, but, owing to the exclusion of his offers of evidence, he was unable to prove the payment of any freight rate in excess of that agreed upon, or that any of the goods in any of the three shipments were either lost or damaged. Counsel cite the general rule, that where goods are lost or injured while in the custody of a common carrier, under a special contract, and the carrier gives no account of how it occurred, a presumption of negligence is of course; but this principle does not dispense with proof of loss or injury, or sustain a presumption of non-delivery by the carrier. In other words, a prima facie case of negligence, or of breach of contract, is not made out by mere proof of delivery to the carrier. The fifth assignment of error raises the same question, and for the same reason is overruled.

There are some objections raised against the appellant's paper-book which, in view of the foregoing conclusions, we have not deemed it necessary to discuss; but we are not to be understood as considering them immaterial. Probably they would not have occurred had the appeal not arisen so soon after the adoption of the new rules of court.

The judgment is affirmed.